UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARCUS MARTIN                                    CIVIL ACTION

versus                                           NO. 06-10444

FIRST AMERICAN INSURANCE                         SECTION: E/1
AGENCY, LLC, ET AL

### ORDER OF REMAND

Defendants First American Insurance Agency ("First American") and John Robichaux, the only defendants who have been served and have answered, filed a motion for summary judgment. R.d. # 15.  This Court's subsequent review of the record revealed that federal jurisdiction is absent.

The case was removed by defendants from the 34th Judicial District Court for the Parish of St. Bernard, based on federal question jurisdiction.  R.d. #1.  All parties are Louisiana domiciliaries, precluding diversity jurisdiction.  Defendants' Notice of Removal alleges federal jurisdiction based on plaintiff's alleged claim in his lawsuit for interpretation of a Standard Flood Insurance Policy (SFIP), which is governed exclusively by the National Flood Insurance Act and federal law, 42 U.S.C. §401, *et seq*.  Landry v. State Farm Fire & Casualty Co., 428 F.Supp. 531, 533 (E.D.La. 2006), *citing* Wright v. Allstate Ins. Co., 415 F.3d 384, 388-89 (5th Cir. 2005). However, questions of negligence related to policy procurement, involving the initial obtaining of coverage, are state claims and

do not fall within federal question jurisdiction.  <u>Landry</u>, 534-35.

Martin's Complaint alleges that his properties suffered wind and flood damages as a result of Hurricane Katrina (¶ 11); that defendant Robichaux, an insurance broker for defendant First American, did procure homeowners' insurance but failed to offer or advise him of his need for flood insurance for the properties (¶8); and that Robichaux breached his fiduciary duty by failing to offer and/or procure flood insurance for Martin's properties even though they were within flood zone elevation levels and were required by the mortgages to have such insurance (¶ 15).  Nowhere in the Complaint is an allegation or claim made regarding the interpretation, administration or handling of an SFIP.

"A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case." <u>Hatcher v. Amrep, Inc.</u>, 2006 WL 2161632 (N.D. Tex.)(July 31, 2006), *citing* <u>Ruhgras AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999) *and* <u>McDonal v. Abbott Labs.</u>, 408 F.3d 177, 182 n.5 (5th cir. 2002).  Absent federal question jurisdiction, this case must be remanded.

Accordingly,

**IT IS ORDERED** that the captioned suit be and is hereby remanded to the 34th Judicial District Court for the Parish of

St. Bernard, with defendants' pending motion for summary judgment
(r.d. # 15) and the Court's pending rule to show cause (r.d. #
14) carried with the case.

New Orleans, Louisiana, November 6, 2007.

MARCEL LIVAUDAIS, JR.
Senior United  States District Judge